PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:15-CR-460 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| LUTHER CHARLES SMITH, ) | |
| ) | **ORDER** |
| Defendant. ) | |

On May 5, 2010, Defendant Luther Charles Smith was sentenced to a term of 100 months of imprisonment as to Count 1 of the Information, followed by a four-year term of supervised release, with standard and special conditions of supervision imposed. Defendant was further ordered to pay a $100.00 special assessment as to Count 1 of the Information.

Following Defendant's term of incarceration, supervised release commenced on October 30, 2015.

On or about April 12, 2016, the United States Probation Office ("USPO") submitted a violation report advising of Defendant's violation of his conditions of supervised release:

1. **Use and Possession of Alcohol** - The offender consumed alcohol on March 30, 2016.

A summons was issued on April 20, 2016. Magistrate Judge George J. Limbert conducted an initial appearance on the supervised release violation on April 28, 2016. At that

(1:15-CR-460)

hearing, Defendant, after being informed of his rights by Magistrate Judge Limbert and with counsel present, admitted to the violation alleged in the April 12, 2016 Violation Report. Magistrate Judge Limbert issued a Report and Recommendation on April 29, 2016, finding that Defendant admitted to violating the terms of his supervised release as charged in the Violation Report, and recommending that this Court adopt the finding.

At the final hearing held on June 9, 2016, the Court adopted Magistrate Judge Limbert's Report and Recommendation and found that Defendant violated the terms of his supervised release as set forth in the violation report. Defendant's supervised release was not revoked and was continued as previously ordered with all prior standard and special conditions of supervision remaining imposed, and with the following additional conditions imposed. Defendant shall reside in a halfway house for four months when a bed becomes available. Until a bed is available, Defendant shall remain in the custody of the U.S. Marshals. While residing at the halfway house, Defendant shall diligently search for employment, maintain all terms of supervision and shall not consume any alcohol. Defendant shall participate in cognitive behavioral treatment as directed by his supervising officer, both individual and group. The Court recommends that Defendant apply for and, if accepted, participate in a local Reentry court.

On or about March 21, 2017, the USPO submitted a violation report to advise the Court of Defendant's violation of his conditions of supervised release:

1. **New Law Violation** - On March 20, 2017, the offender was charged with Aggravated Burglary [F1] by the Cleveland Police Department, case# 2017CRA005453 in Cleveland Municipal Court.

(1:15-CR-460)

An arrest warrant was issued on March 22, 2017, and Defendant was subsequently arrested on August 2, 2017.

On August 3, 2017, the USPO submitted a Supplemental Information Report citing the facts from the police report of the Cleveland Police Department concerning the new law violation, and informing the Court that all charges against Defendant were dismissed due to lack of cooperation by the victim.

Magistrate Judge Limbert conducted an initial appearance on the supervised release violation on August 7, 2017, at which time the Defendant denied the new law violation.

On August 14, 2017, a supervised release revocation hearing was conducted before Magistrate Judge Limbert. At that hearing, the parties came to an agreement as to the alleged supervised release violation. The Government moved to withdraw the new law violation and its motion for detention upon Defendant's agreement to accept a condition modifying his supervised release. The modified condition requires Defendant to have no contact with the listed victim in the Violation Report, Tahesha L. Gray. Defendant, after consultation with counsel, signed the modification form and indicated to Magistrate Judge Limbert his agreement to the modification of his supervised release conditions if so granted by the Court.

Magistrate Judge Limbert issued a Report and Recommendation on August 14, 2017, recommending that the Court dismiss the pending new law violation against Defendant and modify his conditions of supervised release to include the condition outlined in the Waiver of Hearing to Modify Conditions of Supervised Release, attached to the Report and Recommendation. ECF No. 22.

(1:15-CR-460)

Upon *de novo* review of the record, the Report and Recommendation is adopted. The new law violation against Defendant is dismissed, and his conditions of supervised release are modified to require Defendant to have no contact with the listed victim in the Violation Report, Tahesha L. Gray.

    IT IS SO ORDERED.

| | |
|---|---|
|    August 24, 2017 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |